# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LESLIE J. ODEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:09-CV-1579-VEH** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION[1]

Claimant Leslie Junior Oden (hereinafter "Mr. Oden") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.  He seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), who denied his application for Supplemental Security

---

[1] The undersigned has rendered several other comparable decisions which address the inadequacies of the respective ALJ's RFC determinations from which the framework, analysis, and disposition of this case persuasively flow.  *See, e.g., Mahaley v. Astrue*, No. 5:09-CV-0347-VEH, (Docs. 12, 13) (N.D. Ala. Feb. 18, 2010) (reversing and remanding under similar circumstances in which the court found that the ALJ's RCF finding was not supported by substantial evidence); *Glover v. Astrue*, No. 3:09-CV-0033-VEH, (Docs. 15, 16) (N.D. Ala. Mar. 4, 2010) (same); *Johnson v. Astrue*, No. 3:08-CV-1761-VEH, (Docs. 15, 16) (N.D. Ala. Mar. 12, 2010) (same); *Martin v. Astrue*, No. 5:09-CV-1029-VEH, (Docs. 11, 12) (N.D. Ala. Mar. 25, 2010) (same).

Income (hereinafter "SSI").[2]   Mr. Oden timely pursued and exhausted his administrative remedies available before the Commission.  The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[3]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Oden was 46 years of age at the time of his hearing before the administrative law judge (hereinafter "ALJ").  (Tr. 30).  He has completed the eighth grade and has received his GED.  *Id.*  He is not married but does have children.  *Id.* His past work experiences include work as a laborer running a machine and construction work.  (Tr. 32-33).

Mr. Oden claims that he has been unable to work since January of 2002 because of frequent seizures and high blood pressure.  (Tr. 33).  At the time of the hearing, Mr. Oden stated that his last seizure was two weeks prior to the hearing.  (Tr. 36).  He claims that the seizures occur when his blood pressure rises.  (Tr. 37). During the onset of a seizure, Mr. Oden starts shaking and falls.  (Tr. 39).  He also

---

[2]  In general, the legal standards applied are the same regardless of whether a claimant seeks SSI or Disability Insurance Benefits ("DIB") under the Social Security Act. However, separate, parallel statutes and regulations exist for SSI and DIB claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

[3]  42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

jerks his arms and his mouth.  *Id.*  The seizures tend to last five to ten minutes and they usually occur once to three times per week.  (Tr. 39-40).  As a result of the periodic seizures and high blood pressure, Mr. Oden was forced to leave his last employment as a construction worker.  (Tr. 33).  Mr. Oden's last period of work was around two and a half to three years ago when he engaged in construction work.  *Id.*

Mr. Oden filed his application for SSI benefits on January 5, 2007.  (Tr. 55). This application was denied by the Commissioner on March 20, 2007.  (Tr. 56).  Mr. Oden filed a written request for a hearing by an ALJ on May 23, 2007.  (Tr. 62).  The hearing was held on March 17, 2009.  (Tr. 23).  The ALJ subsequently denied Mr. Oden's application on May 14, 2009.  (Tr. 20).  On May 15, 2009, Mr. Oden filed a request for review of the ALJ's decision.  (Tr. 7).  The Appeals Council denied his application for review on July 9, 2009.  (Tr. 1).

Mr. Oden filed a complaint with this court on August 5, 2009, which asks for a judicial review of the ALJ's decision. (Doc. 1).  This court has carefully considered the record and, for the reasons stated below, reverses and remands the decision of the ALJ.

## **STANDARD OF REVIEW**

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal

standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to

---

[4] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through September 2, 2010.

4

disability benefits a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(I-v). The Commissioner must determine in sequence:

> (1)  whether the claimant is currently employed;
> (2)  whether the claimant has a severe impairment;
> (3)  whether the claimant's impairment meets or equals an impairment listed by the Secretary;
> (4)  whether the claimant can perform her past work; and
> (5)  whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further

show that such work exists in the national economy in significant numbers. *Id*.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ concluded that Mr. Oden has not engaged in substantial gainful activity after the alleged onset of his disability on January 5, 2007. (Tr. 16). Additionally, the ALJ found that Mr. Oden's seizure disorder constituted a severe impairment. *Id*. The ALJ also concluded that the impairments do not meet or medically equal a listing in the Listing of Impairments found in 20 C.F.R. Part 404, Appendix 1, Subpart P, of the Social Security Regulations. *Id*.

After considering the testimony of Mr. Oden, Mr. Oden's witness, Mr. Barnett, and the vocational expert (hereinafter "VE"), the ALJ concluded that Mr. Oden has a residual function capacity (hereinafter "RFC") to perform medium work.[5] *Id*. Moreover, the ALJ stated that Mr. Oden's full exertional range was reduced by nonexertional seizure precautions and found that "he should avoid work environments that require being exposed to hazards, such as, moving machinery and unprotected heights." *Id*.

---

[5] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 C.F.R. § 416.967(c).

Finally, relying on the VE's testimony, the ALJ concluded that Mr. Oden is able to perform his past relevant work as a hand packer. (Tr. 19- 20). The ALJ found that Mr. Oden has not been disabled at any time since the alleged onset date and therefore found that his application for SSI benefits was due to be denied. (Tr. 20).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[6]

Mr. Oden asserts that the ALJ's decision is not supported by substantial evidence and that the ALJ applied improper legal standards. (Doc. 11 at 4). More specifically, Mr. Oden alleges that the ALJ failed to develop a full and fair record and that the ALJ's reliance on the state agency medical consultant's assessment of Mr. Oden is not substantial evidence on which to base a finding of no disability. (*Id.* at 7-9).

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

The court considers the lack of any underlying medical evidence that supports the ALJ's RFC determination that Mr. Oden is capable of performing medium work and finds that the ALJ has committed reversible error.[7]

## I.   IN THE ABSENCE OF A SUPPORTING MEDICAL SOURCE STATEMENT OR A PHYSICAL CAPACITIES EVALUATION BY A PHYSICIAN, THE ALJ'S RFC DETERMINATION IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

In this case, the ALJ had a special duty to develop the record because Mr. Oden was not represented by an attorney. *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982) ("When a claimant who has not waived his right to counsel represents himself in a hearing, the hearing examiner's obligation to develop a full and fair record rises to a special duty.").   Another court has aptly explained this special duty when it stated:

> Most judges have a duty to hear the evidence presented to them and consider the issues which have brought the parties into Court, whether or not counsel is present for both parties.  The ALJ, however, in pro se Social Security cases has a duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts", be "especially diligent in insuring that favorable [as well as unfavorable] facts are elicited", "state specifically the weight accorded to each item of evidence and why he reached the decision", "articulate specific jobs that the claimant is able to perform which have been shown by substantial evidence and not mere intuition or conjecture of the Administrative Law Judge", "perhaps even produce a vocational expert

---

[7] As a result, the court does not reach the merits of the other issues presented on appeal.

to testify as to this matter", elicit testimony and make findings regarding the effect of prescribed medications on the claimant's ability to work, and to afford an opportunity to the claimant to subpoena and cross-examine the medical experts who examined her and made reports thereon.

*McDaniel v. Heckler*, 608 F. Supp. 489, 492 (M.D. Ala. 1985) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735-737 (11th Cir. 1981).

Moreover, even when the claimant signs a waiver of right to representation, the "waiver must establish, at some point, that the claimant is 'properly apprised of his options concerning representation' to be effective." *Smith*, 677 F.2d at 828 (citing *Peppers v. Schweiker*, 654 F.2d 369, 371 (5th Cir. 1981). Additionally, "a claimant cannot knowingly and intelligently waive his statutory right to counsel when he is not adequately informed of it either in a prehearing notice or at his hearing." *Id.*

In this case, despite the Commissioner's assertion that Mr. Oden waived his right to counsel when he signed a waiver of right to representation (Doc. 12 at 9-10), there is evidence that Mr. Oden did not fully understand what it meant to waive his right to counsel. (Tr. 23-28). In fact, when the ALJ asked Mr. Oden if he understood the advantages of having representation, Mr. Oden responded by saying, "No, ma'am. I don't understand." (Tr. 26). Additionally, although Mr. Oden did sign a waiver, Mr. Oden did specify on the waiver itself that he did not understand the benefits and disadvantages of representation or how a representative would have been paid. (Tr.

9

84).  Consequently, because Mr. Oden's waiver was not fully informed, the ALJ's duty to develop the record rose to a special level.

In this case, the ALJ failed to adhere to her duty to develop the record because of "[t]he record's virtual absence of medical evidence pertinent to the issue of plaintiff's RFC . . ." *Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997). The ALJ stated that Mr. Oden's RFC is that he can perform medium work with a vocational limitation that, "he should avoid work environments that require being exposed to hazards, such as, moving machinery and unprotected heights." (Tr. 16). The ALJ determined this RFC by purporting to rely on various evidence in the record including: (1) Mr. Oden's testimony about how the impairment affects him and his daily activities; (2) various medical records that speak to Mr. Oden's seizure disorder; (3) that Mr. Oden did not seek medical treatment for seizures from 2005 to 2007; and (4) a medical source opinion[8] that states that the consultative physician could not render an opinion on the case because the evidence was insufficient.  (Tr. 16-19).

However, it is important to note that the "ALJ, as a lay person, is not qualified

---

[8]  "Medical source statements are 'medical opinions submitted by acceptable medical sources, including treating sources and consultative examiners, about what an individual can still do despite a severe impairment(s), in particular about an individual's physical and mental abilities to perform work-related activities on a sustained basis.'" SSR 96-5p.

to interpret raw data in a medical record." *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996). Moreover, when the ALJ does determine a claimant's RFC based on bare medical records, the "ALJ's determination of RFC without a medical advisor's assessment is not support by substantial evidence." *Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass. 1998). As another judge in this district has explained:

> While the Record contains [claimant's] medical treatment history, <u>it lacks any physical capacities evaluation by a physician</u>. The ALJ made his residual functional capacity evaluation without the benefit of such evaluation. An ALJ is allowed to make some judgments as to residual physical functional capacity where so little physical impairment is involved that the effect would be apparent to a lay person. *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15 (1st Cir. 1996). In most cases, including the case at bar, the alleged physical impairments are so broad, complex, and/or ongoing that a physician's evaluation is required. *Id.* In order to have developed a full, fair record as required under the law, the ALJ should have re-contacted [claimant's] physicians for physical capacities evaluations and/or sent her to physicians for examinations and physical capacities evaluations. Further, [claimant's] ability to lift and to manipulate objects must be thoroughly evaluated by at least one physician. These evaluations shall be obtained upon remand. [Claimant's] residual functional capacity was not property determined nor supported by substantial evidence in this case.

*Rogers v. Barnhard*, NO. 3:06-CV-0153-JFG, (Doc. 13 at 5) (N.D. Ala. Oct. 16, 2006) (emphasis added).

In the case at bar, the ALJ only had five medical exhibits before her. These

exhibits were: (1) medical records from Cooper Green Hospital dating from June 2005 to October 2005;[9] (2) a statement from Medical Center East that it did not have any medical records pertaining to Mr. Oden;[10] (3) a medical source opinion from Dr. Keith Langford that he could not rate the case;[11] (4) a statement from Jefferson Clinic that it did not have medical records concerning Mr. Oden;[12] and (5) medical records from Cooper Green Hospital dating from September 2005 to April 2009.[13]

However, none of these records substantiate the ALJ's finding that Mr. Oden can perform medium work. Furthermore, none of the medical records provide any evidence that there should be a vocational limitation on Mr. Oden's ability to work, namely that "he should avoid work environments that require being exposed to hazards, such as, moving machinery and unprotected heights." (Tr. 16). In fact, the only medical exhibits that contain any medical records and/or medical opinions at all are the Cooper Green Hospital Records which contain over 80 pages of complex medical jargon. Thus, as a lay person, the ALJ was not in a position to interpret this

---

[9] (Tr. 117-138).

[10] (Tr. 139-140).

[11] More specifically, Dr. Langford found that, "The evidence in the file is insufficient to rate the case." (Tr. 141).

[12] (Tr. 142).

[13] (Tr. 143-206).

raw data and formulate a RFC of medium work with restrictions for Mr. Oden.

Additionally, there was no medical source opinion provided to the ALJ which corroborates the ALJ's RFC determination for Mr. Oden.  As this court has previously recognized, "the absence of a physician's opinion regarding plaintiff's functional limitations does not morph into an opinion that the plaintiff can work." *Clemmons v. Barnhart*, No. 3:06-CV-1058-VEH, (Doc. 22 at 11) (N.D. Ala. June 11, 2007).

Therefore, the ALJ's RFC determination is not supported by substantial evidence.  *See e.g.*, *Rohrberg*, 26 F. Supp. 2d at 311 (D. Mass. 1998) ("The ALJ failed to refer to-and this court has not found- <u>a proper, medically determined RFC</u> in the record.").  Accordingly, the decision of the Commissioner is due to be reversed, and the case remanded for further proceedings consistent with this memorandum opinion.

## **CONCLUSION**

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision was not supported by substantial evidence.  More specifically, the ALJ failed to provide a proper, medically supported RFC.  Accordingly, the decision of the Commissioner

is due to be reversed and remanded.  A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this the 28th day of October, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge